UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. **91-0708**
    18 U.S.C. §1962(c) and (d)
    18 U.S.C. §1951
    18 U.S.C. §2

**CR-GONZALEZ**

UNITED STATES OF AMERICA,

v.

**MAGISTRATE JUDGE
SNOW**

HARVEY N. SHENBERG,
ALFONSO C. SEPE,
PHILLIP S. DAVIS and
DAVID GOODHART

_____/

**INDICTMENT**

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times material to this Indictment:

1.   The Circuit Court of the Eleventh Judicial Circuit of Florida (hereinafter referred to as the "Circuit Court") was a judicial body in and for Dade County, Florida, which was authorized and empowered under the Florida Constitution and the laws of the State of Florida to hear and decide civil and felony criminal cases with venue in Dade County, in the Southern District of Florida.

2.   Judges assigned to the Criminal Division of the Circuit Court were authorized and empowered to preside over various judicial proceedings relating to felony criminal cases, including jury and non-jury trials, arraignments, hearings relating to the suppression of evidence, bond hearings, and proceedings to determine the disposition of property seized during searches conducted by law enforcement officers.   Said judges were also

1



authorized and empowered to make findings of fact and conclusions of law with respect to matters raised in the context of such proceedings, and were also authorized to appoint attorneys as Special Assistant Public Defenders to represent indigent persons charged with criminal offenses in the Circuit Court and to approve compensation for those attorneys so appointed.

3.    Defendants ALFONSO C. SEPE and PHILLIP S. DAVIS and co-conspirator Roy T. Gelber were judges of the Circuit Court, assigned to the Criminal Division of that Court in Dade County, Florida, and in that capacity, possessed all of the powers and duties of that office as provided by law and, as such, were public servants.

4.    The County Court of Dade County, Florida (hereinafter referred to as the "County Court") was a judicial body of lesser jurisdiction than the Circuit Court, which was authorized and empowered under the Florida Constitution and the laws of the State of Florida to hear and decide civil and misdemeanor criminal cases with venue in Dade County, in the Southern District of Florida.

5.    Judges assigned to the Criminal Division of the County Court were authorized to preside over various judicial proceedings relating to misdemeanor crimes, violations of municipal and county ordinances and violations of state and local traffic laws, and to act as committing magistrates.    Judges assigned to the Criminal Division of the County Court were also authorized to sit as acting Circuit Court judges, when specially designated, and, when sitting

2

as such, possessed the same powers and duties as Circuit Court judges.

6.    Defendant HARVEY N. SHENBERG was a judge of the County Court assigned to the Criminal Division of that Court in Dade County, Florida, and, in that capacity, possessed all of the powers and duties of that position as provided by law and, as such, was a public servant.

7.    Defendant DAVID GOODHART was an attorney, licensed to practice law in the State of Florida, who practiced in the various court systems in Dade County, Florida, including the Criminal Division of the Circuit Court.

8.    Raymond J. Takiff, acting in an undercover capacity for the United States government, held himself out to the defendants as a corrupt attorney who would and did make cash payments to, and for the benefit of, the defendants, directly and indirectly, in exchange for favorable rulings in the Circuit Court and for the release of official information by the defendants.

9.    As part of his undercover role, Raymond J. Takiff informed the defendants and their co-conspirators that, among his clients, Takiff represented members of a Central American narcotics cartel, and other narcotic traffickers, who would or did face criminal charges in the Circuit Court, before defendants ALFONSO C. SEPE, PHILLIP S. DAVIS, co-conspirator Roy T. Gelber and other judges.

### COUNT I

#### THE RACKETEERING CONSPIRACY

1.     Paragraphs one through and including nine of the "General Allegations" of this indictment are hereby incorporated by reference as if set forth in full herein.

2.     At all times material to this indictment, the Circuit Court of the Eleventh Judicial Circuit of Florida was a governmental body which was created and established under the Constitution and laws of the State of Florida, and which was empowered to hear and decide civil and criminal cases with venue in Dade County, Florida, and, as such, constituted an "enterprise" as that term is defined in Title 18, United States Code, Section 1961(4), which was engaged in, and whose activities affected, interstate and foreign commerce.

3.     Beginning in or about August 1989, up to and including September 1991, the exact dates being unknown to the Grand Jury, in Dade County, in the Southern District of Florida, and elsewhere, the defendants,

> **HARVEY   N. SHENBERG,**
> **ALFONSO C. SEPE,**
> **PHILLIP S. DAVIS and**
> **DAVID GOODHART,**

being persons employed by and associated with an enterprise, as described herein, that is, the Circuit Court of the Eleventh Judicial Circuit of Florida, which was engaged in, and the activities of which affected interstate and foreign commerce, did unlawfully, knowingly and willfully combine, conspire, confederate and agree, and reach a tacit understanding with each other and with

4

other persons, both known and unknown to the grand jury, to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, Section 1961(5).

## THE PATTERN OF RACKETEERING ACTIVITY

4.    The pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5), through which the defendants HARVEY N. SHENBERG, ALFONSO C. SEPE, PHILLIP S. DAVIS and DAVID GOODHART and their co-conspirators agreed to conduct and participate in the affairs of the enterprise, consisted of Extortion, Conspiracy to Commit Extortion and Attempt to Commit Extortion in violation of Title 18, United States Code, Section 1951; Bribery, in violation of Section 838.015 Florida Statutes; Unlawful Compensation or Reward for Official Behavior, in violation of Sections 838.016 (1) and (2) Florida Statutes; and, with respect to defendant HARVEY N. SHENBERG, Conspiracy to Commit Murder, in violation of Sections 782.04 and 777.04 Florida Statutes.

## OBJECTS OF THE RACKETEERING CONSPIRACY

Among the objects of the racketeering conspiracy which the defendants HARVEY N. SHENBERG, ALFONSO C. SEPE, PHILLIP S. DAVIS and DAVID GOODHART sought to achieve were the following:

5.    It was an object of the racketeering conspiracy that the defendants HARVEY N. SHENBERG, ALFONSO C. SEPE, PHILLIP S. DAVIS and co-conspirator Roy T. Gelber would and did obtain, and attempt

to obtain, money and other benefits, for themselves and others, by using and promising to use the powers and influence of their respective offices, as judges of the County and Circuit Courts in Dade County, Florida, in a manner that would favorably affect the legal interests of certain persons who had criminal cases pending in the Circuit Court, and in other Florida courts, or who would, in the future, have such cases pending.

6.     It was a further object of the racketeering conspiracy that the defendants ALFONSO C. SEPE, PHILLIP S. DAVIS and co-conspirator Roy T. Gelber would and did obtain, and attempt to obtain, money and other benefits, for themselves and others, by using the powers and influence of their respective offices, as judges of the Circuit Court in Dade County, Florida, to appoint Special Assistant Public Defenders to represent indigent persons charged with criminal offenses in the Circuit Court and to approve compensation for such Special Assistant Public Defenders.

7.     It was a further object of the racketeering conspiracy that the defendant HARVEY N. SHENBERG would and did accept and receive money and other benefits for himself and others, in exchange for exerting influence on Circuit Court judges, and for acting as an intermediary for Circuit Court judges, by accepting cash money given by other persons in exchange for the performance of acts within the official discretion of such judges, in their capacity as judges of the Circuit Court, and by agreeing to do so.

8.     It was a further object of the racketeering conspiracy that the defendant DAVID GOODHART would and did accept and receive

6

money and other benefits for himself and others, and would and did
attempt to do so, by acting as an intermediary for Circuit Court
judges, and by accepting cash money given by other persons in
exchange for the performance of acts within the official discretion
of such judges, in their capacity as judges of the Circuit Court,
and by agreeing to do so.

## MEANS AND METHODS OF
## THE RACKETEERING CONSPIRACY

Among the means and methods by which the defendants HARVEY N.
SHENBERG, ALFONSO C. SEPE, PHILLIP S. DAVIS and DAVID GOODHART,
and their co-conspirators, would achieve the objects, and would
participate, directly and indirectly, in the conspiracy were the
following:

9.    Defendant HARVEY N. SHENBERG and co-conspirator Roy T.
Gelber would and did discuss and plan with one another the manner
in which they could accept and receive money from Raymond J. Takiff
in exchange for the agreement of defendant HARVEY N. SHENBERG and
Gelber to corruptly manipulate, and to assist in the corrupt
manipulation of, cases pending in the Circuit Court, so as to
provide favorable treatment to purported clients of Takiff whose
cases would be pending in courts in which Gelber and other Circuit
Court judges presided, and to otherwise be influenced in the
performance of acts relating to their positions as judges for the
benefit of Takiff and his purported clients.

10.   Defendant HARVEY N. SHENBERG and co-conspirator Roy T.
Gelber would and did agree that defendant HARVEY N. SHENBERG would
receive and maintain a portion of an $11,000 cash payment, which

7

Gelber received from Raymond J. Takiff in exchange for Gelber's agreement to effect the corrupt manipulation of cases pending in the Circuit Court in the future.

11.  Defendant HARVEY N. SHENBERG and co-conspirator Roy T. Gelber would and did agree with one another to provide Raymond J. Takiff with the name of a confidential informant whose information had purportedly served as a basis for the issuance of a search warrant which had previously been authorized by Gelber, in his capacity as Circuit Court judge, and which resulted in the purported search and seizure of jewelry and cash money belonging to a person purportedly represented by Takiff, when defendant HARVEY N. SHENBERG and Gelber believed that the release of the confidential informant's name to Takiff would result in the confidential informant being murdered at the direction of Takiff's Central American client.

12.  Co-conspirator Roy T. Gelber would and did deny a motion filed by Raymond J. Takiff, in a judicial proceeding pending before him as a judge of the Circuit Court, for the disclosure of the affidavit for search warrant referred to in paragraph eleven hereinabove, citing the potential of danger to the safety of the confidential informant that might result if the contents of the affidavit, which contained the said confidential informant's identity, were to be disclosed.

13.  Defendant HARVEY N. SHENBERG would and did disclose to Raymond J. Takiff the name of the confidential informant referred to in paragraph eleven hereinabove, subject to the conditions that:

8

said confidential informant not be murdered for forty-five days after said disclosure; Takiff pay $50,000 to defendant HARVEY N. SHENBERG; and Takiff agree to provide Roy T. Gelber with a share of any property and money returned to his client as a result of Gelber's granting Takiff's motion for return of seized property which was then pending before Gelber as judge of the Circuit Court.

14. Defendant HARVEY N. SHENBERG would and did accept and receive $25,000 in cash from Raymond J. Takiff as partial payment for his disclosure to Takiff of the identity of the confidential informant as described in paragraphs eleven through and including thirteen hereinabove.

15. Defendant HARVEY N. SHENBERG would and did tell Raymond J. Takiff that it was permissible to divulge the name of the confidential informant, described in paragraphs eleven through fourteen hereinabove, to Takiff's Central American client.

16. Defendant HARVEY N. SHENBERG would and did accept and receive $25,000 in cash from Raymond J. Takiff as final payment for his disclosure to Takiff of the identity of the confidential informant referred to in paragraphs eleven through fifteen hereinabove.

17. Defendant HARVEY N. SHENBERG would and did promise and agree with Raymond J. Takiff to assist him in effecting the corrupt manipulation of cases pending in the Circuit Court in exchange for cash payments from Takiff, and did further promise and represent that co-conspirator Roy T. Gelber would receive a portion of any

9

such payments made thereby in consideration for Gelber having introduced defendant HARVEY N. SHENBERG to Takiff.

18. Defendant HARVEY N. SHENBERG would and did give a portion of the $50,000, which defendant HARVEY N. SHENBERG had previously received from Raymond J. Takiff as set forth in paragraphs fourteen and sixteen hereinabove, to Roy T. Gelber.

19. Co-conspirator Roy T. Gelber would and did grant a motion filed by Raymond J. Takiff, in a judicial proceeding pending before him as a judge of the Circuit Court, for the return of property seized pursuant to the search warrant referred to in paragraph eleven hereinabove and did order the return of said property to Takiff's client.

20. Defendants HARVEY N. SHENBERG and PHILLIP S. DAVIS and co-conspirator Roy T. Gelber would and did discuss the transactions set forth in paragraphs one through and including eighteen hereinabove and the manner in which defendants HARVEY N. SHENBERG and PHILLIP S. DAVIS and Gelber could receive such payments in the future in exchange for the corrupt manipulation of cases pending in the respective courts in which they presided.

21. Defendant PHILLIP S. DAVIS would and did promise and agree to assist Raymond J. Takiff in effecting the corrupt manipulation of cases pending in the Circuit Court in which he presided in exchange for cash payments from Raymond J. Takiff.

22. Defendant PHILLIP S. DAVIS and co-conspirator Roy T. Gelber would and did agree that Gelber would accept, on behalf of defendant PHILLIP S. DAVIS, cash payments from Raymond J. Takiff,

10

given by Takiff for defendant PHILLIP S. DAVIS in exchange for the corrupt manipulation of cases pending in the Circuit Court in which defendant PHILLIP S. DAVIS presided.

23. Defendant PHILLIP S. DAVIS would and did provide information regarding the existence of outstanding arrest warrants against certain individuals to co-conspirator Roy T. Gelber, in response to a request by Raymond J. Takiff.

24. Co-conspirator Roy T. Gelber would and did provide the information referred to in paragraph twenty-three hereinabove to Raymond J. Takiff.

25. Defendant PHILLIP S. DAVIS and co-conspirator Roy T. Gelber would and did agree that Gelber would receive any money which Raymond J. Takiff would pay to defendant PHILLIP S. DAVIS in exchange for the corrupt manipulation of cases pending before him as a judge of the Circuit Court, and that Gelber would receive half of any such sums for his service in acting as an intermediary between defendant PHILLIP S. DAVIS and Takiff.

26. Defendant PHILLIP S. DAVIS would and did accept and receive $10,000 in cash from Raymond J. Takiff in exchange for, and in consideration of, defendant PHILLIP S. DAVIS providing Takiff with the information requested by Takiff as set forth in paragraph twenty-three hereinabove, and in further consideration of the promise of defendant PHILLIP S. DAVIS to corruptly manipulate cases pending before him as a judge of the Circuit Court in the future.

11

27. Defendant ALFONSO C. SEPE and co-conspirator Roy T. Gelber would and did agree to attempt to corruptly manipulate a case pending in the Circuit Court before another judge.

28. Co-conspirator Roy T. Gelber would and did accept and receive $5,000 in cash from Raymond J. Takiff which was given in exchange for, and in consideration of, Gelber's continued assistance in attempting to corruptly manipulate, through defendant ALFONSO C. SEPE, a case pending before another judge of the Circuit Court.

29. Defendant ALFONSO C. SEPE and co-conspirator Roy T. Gelber discussed and planned the corrupt manipulation of cases pending in the Circuit Court in which defendant ALFONSO C. SEPE presided, for the benefit of Raymond J. Takiff, in exchange for cash payments by Takiff, and that said sums would be received by defendant ALFONSO C. SEPE through Gelber, who would act as an intermediary between the said defendant ALFONSO C. SEPE and Takiff for the delivery of said funds.

30. Defendants ALFONSO C. SEPE and DAVID GOODHART would and did agree that defendant DAVID GOODHART would act as an intermediary between defendant ALFONSO C. SEPE and Raymond J. Takiff for the payment of the funds by Takiff referred to in paragraph twenty-nine hereinabove and that defendant DAVID GOODHART would accept and receive such payments on behalf of, and for the benefit of, defendant ALFONSO C. SEPE.

31. Defendant ALFONSO C. SEPE and co-conspirator Roy T. Gelber would and did agree that defendant DAVID GOODHART would act

12

as intermediary between defendant ALFONSO C. SEPE and Raymond J. Takiff, and that defendant DAVID GOODHART would act as agent for defendant ALFONSO C. SEPE in obtaining cash money from Takiff in exchange for defendant ALFONSO C. SEPE effecting the corrupt manipulation of cases pending before him, as a judge of the Circuit Court, for the benefit of Takiff's purported clients.

32. Defendants ALFONSO C. SEPE and DAVID GOODHART would and did agree with one another to effect the corrupt manipulation of two cases pending in the Circuit Court in which defendant ALFONSO C. SEPE presided, wherein Raymond J. Takiff purportedly represented certain persons charged with criminal violations, in exchange for payments of $150,000 for each defendant.

33. Defendants ALFONSO C. SEPE and DAVID GOODHART would and did discuss and plan the manner in which the cases referred to in paragraph thirty-two hereinabove could be corruptly manipulated, including the amount of bail the purported clients of Raymond J. Takiff would be required to post and the methods by which defendant ALFONSO C. SEPE could plausibly effect the dismissal of criminal charges against the said clients while avoiding public discovery of their corrupt agreement with Takiff.

34. Defendant DAVID GOODHART would and did accept $150,000 in cash which was given by Raymond J. Takiff in exchange for, and in consideration of, defendant ALFONSO C. SEPE's promise and agreement to set bail for one of Takiff's purported clients in one of the cases referred to in paragraphs thirty-two and thirty-three hereinabove, in the amount of $50,000, and, thereafter, to suppress

13

evidence which the State would seek to introduce at the trial of said case.

35. Defendant DAVID GOODHART would and did pay to defendant ALFONSO C. SEPE a portion of the funds he had received from Raymond J. Takiff as set forth in paragraph thirty-four hereinabove.

36. Defendant ALFONSO C. SEPE would and did pay to co-conspirator Roy T. Gelber a portion of the funds he had received from defendant DAVID GOODHART, as set forth in paragraph thirty-five hereinabove, in exchange for Gelber's assistance in facilitating the agreement reached between and among defendants ALFONSO C. SEPE and DAVID GOODHART and Raymond J. Takiff to corruptly manipulate a case pending in the Circuit Court in which defendant ALFONSO C. SEPE presided as a judge.

37. Defendant HARVEY N. SHENBERG would and did receive and agree to keep and maintain cash money for the benefit of co-conspirator Roy T. Gelber, which Gelber received from defendant ALFONSO C. SEPE, as set forth in paragraph thirty-six hereinabove.

38. Defendant ALFONSO C. SEPE would and did set bail in the case referred to in paragraphs thirty-four and thirty-six hereinabove at $50,000, pursuant to the promises made and the agreements reached among the defendants and co-conspirators with one another, and with Raymond J. Takiff, as set forth in those paragraphs.

39. Defendants ALFONSO C. SEPE and DAVID GOODHART would and did plan and discuss the manner in which defendant ALFONSO C. SEPE

14

could plausibly rule in favor of Raymond J. Takiff's purported client, referred to in paragraphs thirty-four and thirty-six through and including thirty-eight hereinabove, on a motion to suppress evidence pending before him as a judge of the Circuit Court, so that the criminal charges against such client would effectively be eliminated, pursuant to the agreements referred to in paragraphs twenty-nine through and including thirty-six, between defendants ALFONSO C. SEPE and DAVID GOODHART, co-conspirator Roy T. Gelber and Raymond J. Takiff, without risk of public discovery of their corrupt agreement.

40. Defendant ALFONSO C. SEPE would and did grant a motion to suppress evidence which had been filed by Raymond J. Takiff on behalf of his purported client referred to in paragraphs thirty-four and thirty-six through and including thirty-nine hereinabove, pursuant to the agreements referred to in those paragraphs.

41. Defendants ALFONSO C. SEPE and DAVID GOODHART would and did discuss, plan and agree to corruptly manipulate the outcome of another criminal case which was purportedly pending against a client of Raymond J. Takiff (not the client referred to in paragraphs thirty-four and thirty-six through and including forty), in the Circuit Court in which defendant ALFONSO C. SEPE presided, in exchange for cash payments to defendants ALFONSO C. SEPE and DAVID GOODHART from Takiff.

42. Defendant PHILLIP S. DAVIS would and did promise and agree with Raymond J. Takiff to reduce, from $250,000 to $20,000, the amount of bail which a purported client of Takiff had posted

15

in a criminal case pending before defendant PHILLIP S. DAVIS, as a judge of the Circuit Court, in exchange for, and in consideration of, Takiff making a $20,000 cash payment to defendant PHILLIP S. DAVIS.

43. Defendant PHILLIP S. DAVIS would and did reduce, from $250,000 to $20,000, the amount of bail which Raymond J. Takiff's purported client, referred to in paragraph forty-two hereinabove, was required to post in order to remain out of jail pending trial, pursuant to the agreement referred to in that paragraph.

44. Defendant PHILLIP S. DAVIS would and did accept and receive $20,000 in cash from Raymond J. Takiff, in exchange for defendant PHILLIP S. DAVIS ordering the reduction of bail which had previously been set for Takiff's purported client, pursuant to defendant PHILLIP S. DAVIS' agreement with Takiff as set forth in paragraphs forty-two and forty-three hereinabove.

45. Defendant DAVID GOODHART would and did promise and agree to assist Raymond J. Takiff in the corrupt manipulation of a criminal case pending against one of Takiff's purported clients before a certain Circuit Court judge, by promising and agreeing to speak with that judge on Takiff's behalf, in order to secure the promise of said judge to set bail in a certain amount, and to order the suppression of certain evidence in that case, in exchange for a $75,0000 payment from Takiff to defendant DAVID GOODHART.

46. Pursuant to his promise and agreement with Raymond J. Takiff referred to in paragraph forty-five hereinabove, defendant DAVID GOODHART would and did meet with a certain judge of the

16

Circuit Court, and request and solicit said judge to set bail in a certain amount and to order the suppression of certain evidence in a criminal case which was purportedly pending against one of Takiff's clients in the Circuit Court in which said judge presided, in exchange for a $50,000 cash payment to said judge.

47. Defendants HARVEY N. SHENBERG, ALFONSO C. SEPE, PHILLIP S. DAVIS and DAVID GOODHART, and co-conspirator Roy T. Gelber, would and did discuss, plan and implement methods of secreting cash money received by them as proceeds derived as a result of the racketeering conspiracy, and methods of concealing the source of said funds, so as to avoid public discovery of their corrupt activities.

48. Defendants HARVEY N. SHENBERG, ALFONSO C. SEPE, PHILLIP S. DAVIS and DAVID GOODHART, and co-conspirator Roy T. Gelber, would and did discuss, arrange and participate in other acts as means and methods of furthering the objects of the racketeering conspiracy set forth herein.

All in violation of Title 18, United States Code, Section 1962(d) and 1963(a).

## COUNT II

1. Each and every allegation contained in paragraphs one through and including nine of the "General Allegations," and paragraphs one and two of Count I of this indictment, is incorporated by reference in this Count, as if set forth in full herein.

17

2.    From in or about August 1989, and continuing through in or about September 1991, the exact dates being unknown to the grand jury, in Miami, Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**HARVEY N. SHENBERG,
ALFONSO C. SEPE,
PHILLIP S. DAVIS and
DAVID GOODHART,**

and other persons known and unknown to the grand jury, being employed by and associated with the enterprise, as more fully described in paragraph two of Count I, which was engaged in, and the activities of which affected, interstate and foreign commerce, unlawfully, knowingly and willfully did conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity.

## THE PATTERN OF RACKETEERING ACTIVITY

3.    The pattern of racketeering activity, as defined by Title 18, United States Code, Sections 1961(1) and 1961(5), through which the defendants HARVEY N. SHENBERG, ALFONSO C. SEPE, PHILLIP S. DAVIS and DAVID GOODHART conducted the affairs of the enterprise consisted of: Conspiracy to Commit Extortion and Attempt to Commit Extortion, in violation of Title 18, United States Code, Section 1951; Bribery, in violation of Section 838.015 Florida Statutes; Unlawful Compensation or Reward for Official Behavior, in violation of Sections 838.016 (1) and (2) Florida Statutes; and, with respect to defendant HARVEY N. SHENBERG, Conspiracy to Commit Murder, in violation of Sections 782.04 and 777.04 Florida Statutes.

18

## ACTS OF RACKETEERING

4. The pattern of racketeering activity committed by the defendants HARVEY N. SHENBERG, ALFONSO C. SEPE, PHILLIP S. DAVIS and DAVID GOODHART consisted of the following racketeering acts:

### A. ACT OF RACKETEERING INVOLVING RECEIPT OF $11,000 PAYMENT IN RETURN FOR FUTURE CORRUPT ACTS

#### Racketeering Act No. 1
#### Defendant: HARVEY SHENBERG

From in or about August 1989, and continuing through in or about April 1990, the exact dates being unknown to the grand jury, in Dade County, in the Southern District of Florida, and elsewhere, the defendant HARVEY N. SHENBERG, together with persons known and unknown to the grand jury, committed the following acts, any one of which alone constitutes Racketeering Act No. 1.

(a) Attempted Extortion in violation of Title 18, United States Code, Sections 1951 and 2, as alleged in Count III of this indictment, which is incorporated by reference as if set forth in full herein:

(b) Bribery, in that he unlawfully, feloniously and corruptly did request, solicit, accept and agree to accept for himself and others, from Raymond J. Takiff, through co-conspirator Roy T. Gelber, a pecuniary benefit, that is, cash money, and did aid and abet co-conspirator Roy T. Gelber in obtaining a pecuniary benefit, that is, cash money, with the intent and purpose to influence the performance of acts and omissions by Roy T. Gelber, in his capacity as a judge of the Circuit Court, and by other judges, in their official capacity, which co-conspirator Roy T. Gelber did represent

19

as being within the official discretion of Roy T. Gelber as a public servant, that is, as a judge of the Circuit Court, and of such other judges, as public servants, in violation of a public duty and in the performance of a public duty, that is, the corrupt manipulation of cases which were pending before certain judges of the Circuit Court, or which would be pending in the future in the Circuit Court, to the benefit of Takiff's purported clients, in violation of Section 838.015 Florida Statutes;

(c) Unlawful Compensation or Reward for Official Behavior, in that he unlawfully, feloniously and corruptly did request, solicit, accept and agree to accept for himself and others, from Raymond J. Takiff, through co-conspirator Roy T. Gelber, a pecuniary benefit not authorized by law, that is, cash money, and did aid and abet co-conspirator Roy T. Gelber in obtaining a pecuniary benefit, that is, cash money, for the past, present and future performance and non-performance of acts and omissions, which co-conspirator Roy T. Gelber did represent to be within the official discretion of Roy T. Gelber as a public servant, that is, as a judge of the Circuit Court, and of other judges, in their official capacity, in violation of a public duty, and in the performance of a public duty, that is, the corrupt manipulation of cases which were pending before judges of the Circuit Court, and of cases which would be pending in the Circuit Court in the future, to the benefit of Takiff's purported clients, in violation of Section 838.016 (1) Florida Statutes.

20

**B.   ACT   OF   RACKETEERING   INVOLVING
RECEIPT OF $70,000 IN PAYMENTS FOR
DISCLOSURE OF INFORMANT IDENTITY AND
RETURN OF SEIZED PROPERTY**

## Racketeering Act No. 2
### Defendant:  HARVEY N. SHENBERG

From in or about March 1990, and continuing through in or
about May 1990, the exact dates being unknown to the grand jury,
in Dade County, in the Southern District of Florida, and
elsewhere, the defendant HARVEY N. SHENBERG, together with persons
known and unknown to the grand jury, committed the following acts,
any one of which alone constitutes Racketeering Act No. 2:

(a) Attempted extortion, in violation of Title 18, United
States Code, Sections 1951 and 2, as alleged in Count IV of this
indictment, which is incorporated by reference as if set forth in
full herein;

(b) Bribery, in that he unlawfully, feloniously and
corruptly did request, solicit, accept and agree to accept for
himself and others, from Raymond J. Takiff, a pecuniary benefit,
that is, $70,000 cash, with the intent and purpose to influence
the performance of an act and omission by co-conspirator Roy T.
Gelber, in his capacity as a judge of the Circuit Court, which the
defendant HARVEY N. SHENBERG and Roy T. Gelber did represent as
being within the official discretion of Roy T. Gelber as a public
servant, that is, as a judge of the Circuit Court, in violation of
a public duty and in the performance of a public duty, that is,
the disclosure of the contents of a sealed Affidavit for Search
Warrant which contained the identity of a confidential informant

and the return of seized property, in violation of Section 838.015 Florida Statutes;

(c) Unlawful Compensation or Reward for Official Behavior, in that he unlawfully, feloniously and corruptly did request, solicit and accept and agree to accept for himself and others, from Raymond J. Takiff, a pecuniary benefit not authorized by law, that is, $70,000 cash for the past, present and future performance and non-performance of acts and omissions, which the defendant HARVEY N. SHENBERG and co-conspirator Roy T. Gelber did represent to be within the official discretion of Roy T. Gelber as a public servant, that is, as a judge of the Circuit Court, in violation of a public duty, and in the performance of a public duty, that is, the disclosure of the contents of a sealed Affidavit for Search Warrant which contained the identity of a confidential informant and the return of seized property, in violation of Section 838.016 (1) Florida Statutes;

(d) Unlawful Compensation or Reward for Official Behavior, in that he unlawfully, feloniously and corruptly did request, solicit and accept and agree to accept for himself and others, from Raymond J. Takiff, a pecuniary benefit not authorized by law, that is, $70,000 cash for the past, present and future exertion of influence upon and with another public servant, that is, co-conspirator Roy T. Gelber, a judge of the Circuit Court, regarding acts and omissions which defendant HARVEY N. SHENBERG, a public servant, did represent as having been within the official discretion of the said Roy T. Gelber, in violation of a public

22

duty, and in the performance of a public duty, that is, the disclosure of the contents of a sealed Affidavit for Search Warrant, which contained the identity of a confidential informant and the return of seized property, in violation of Section 838.016 (2) Florida Statutes;

(e) Conspiracy to commit murder, in that he did unlawfully agree, conspire, combine or confederate with others, known and unknown to the grand jury, to commit an offense, and to aid and abet others in the commission of an offense, punishable under the laws of the State of Florida, to-wit: Murder, that being the unlawful killing of a human being named Dionesio Jose Guerajo perpetrated from a premeditated design to effect his death, and through acts by defendant HARVEY N. SHENBERG and co-conspirator Roy T. Gelber which were imminently dangerous to Dionesio Jose Guerajo and evincing a depraved mind regardless of human life, and, during the course of the conspiracy aforesaid, the said defendant and co-conspirator did meet and speak with one another to discuss and plan with one another to reveal the identity of Dionesio Jose Guerajo as a person who was cooperating with law enforcement authorities to persons whom the defendant HARVEY N. SHENBERG and Gelber knew or believed would unlawfully effect the death of Dionesio Jose Guerajo, once said persons learned of his identity, all of which conduct constituted conspiracy to commit murder in violation of Florida State law, Sections 782.04 and 777.04 Florida Statutes.

23

### C. ACT OF RACKETEERING INVOLVING AGREEMENT TO INFLUENCE OTHER JUDGES

#### Racketeering Act No. 3
#### Defendant: HARVEY N. SHENBERG

From on or about April 24, 1990, and continuing through in or about July 1990, the exact dates being unknown to the grand jury, in Dade County, in the Southern District of Florida, and elsewhere, the defendant HARVEY N. SHENBERG, together with persons known and unknown to the grand jury, committed the following acts, any one of which alone constitutes Racketeering Act No. 3:

(a) Conspiracy to commit extortion, in violation of Title 18, United States Code, Section 1951, as alleged in Count V of this indictment, which is incorporated by reference as if set forth in full herein;

(b) Bribery, in that he unlawfully, feloniously and corruptly did request, solicit, and agree to accept for himself and others, from Raymond J. Takiff, a pecuniary benefit, that is, cash money, with the intent and purpose to influence the performance of acts and omissions by co-conspirator Roy T. Gelber, in his capacity as a judge of the Circuit Court, and by other judges, in their official capacity, which the defendant HARVEY N. SHENBERG did represent as being within the official discretion of Roy T. Gelber as a public servant, that is, as a judge of the Circuit Court, and of such other judges, as public servants, in violation of a public duty and in the performance of a public duty, that is, the corrupt manipulation of cases which were pending before certain judges of the Circuit Court, and of other

24

courts, and of cases which would be pending in such courts in the future, to the benefit of Takiff's purported clients, in violation of Section 838.015 Florida Statutes;

(c) Unlawful Compensation or Reward for Official Behavior, in that he unlawfully, feloniously and corruptly did request, solicit and agree to accept for himself and others, from Raymond J. Takiff, a pecuniary benefit not authorized by law, that is, cash money, for the past, present and future performance and non-performance of an act and omission, which the defendant HARVEY N. SHENBERG did represent to be within the official discretion of co-conspirator Roy T. Gelber as a public servant, that is, as a judge of the Circuit Court, and of other judges, in their official capacity, in violation of a public duty, and in the performance of a public duty, that is, the corrupt manipulation of cases which were pending before judges of the Circuit Court, and of other courts, and of cases which would be pending in such courts in the future, to the benefit of Takiff's purported clients, in violation of Section 838.016 (1) Florida Statutes;

(d) Unlawful Compensation or Reward for Official Behavior, in that he unlawfully, feloniously and corruptly did request, solicit and agree to accept for himself and others, from Raymond J. Takiff, a pecuniary benefit not authorized by law, that is, cash money for the past, present and future exertion of influence upon and with other public servants, that is, judges of the Circuit, County and appellate courts in the State of Florida, regarding acts and omissions which defendant HARVEY N. SHENBERG,

a public servant, did represent as having been within the official discretion of said judges, in violation of a public duty, and in the performance of a public duty, that is, the corrupt manipulation of cases pending in the courts in which said judges presided, and of cases which would be pending in such courts in the future, in violation of Section 838.016 (2) Florida Statutes.

### D. ACT OF RACKETEERING INVOLVING RECEIPT OF $10,000 PAYMENT IN RETURN FOR FUTURE CORRUPT ACTS AND RELEASE OF OFFICIAL INFORMATION

#### Racketeering Act No. 4
#### Defendant: PHILLIP S. DAVIS

From in or about July 1990, and continuing through in or about November 1990, the exact dates being unknown to the grand jury, in Miami, Dade County, in the Southern District of Florida, and elsewhere, the defendant PHILLIP S. DAVIS, together with persons known and unknown to the grand jury, committed the following acts, any one of which alone constitutes Racketeering Act No. 4:

(a) Conspiracy to commit extortion, in violation of Title 18, United States Code, Section 1951, as alleged in Count VI of this indictment, which is incorporated by reference as if set forth in full herein;

(b) Attempted extortion, in violation of Title 18, United States Code, Sections 1951 and 2, as alleged in Count VII of this indictment, which is incorporated by reference as if set forth in full herein;

(c) Bribery, in that he unlawfully, feloniously and corruptly did request, solicit, accept and agree to accept for himself and others, from Raymond J. Takiff, a pecuniary benefit, that is, $10,000 cash, with the intent and purpose to influence the performance of an act and omission, which the defendant PHILLIP S. DAVIS did represent as being within his official discretion as a public servant, that is, as a judge of the Circuit Court, in violation of a public duty and in the performance of a public duty, that is, the disclosure of official information and the corrupt manipulation of cases pending in the Circuit Court in which defendant PHILLIP S. DAVIS presided as a judge, in violation of Section 838.015 Florida Statutes;

(d) Unlawful Compensation or Reward for Official Behavior, in that he unlawfully, feloniously and corruptly did request, solicit and accept and agree to accept for himself and others, from Raymond J. Takiff, a pecuniary benefit not authorized by law, that is, $10,000 cash for the past, present and future performance and non-performance of an act and omission, which the defendant PHILLIP S. DAVIS did represent to be within his official discretion as a public servant, that is, as a judge of the Circuit Court, in violation of a public duty, and in the performance of a public duty, that is, the disclosure of official information and the corrupt manipulation of cases pending in the Circuit Court in which defendant PHILLIP S. DAVIS presided as a judge, in violation of Section 838.016 (1) Florida Statutes.

E.   ACT   OF   RACKETEERING   INVOLVING
     AGREEMENT    TO    INFLUENCE    THE
     "HUMBERTO PERDONIO CASE"

### Racketeering Act No. 5
### Defendant:  ALFONSO C. SEPE

In or about October 1990, the exact dates being unknown to the grand jury, in Dade County, in the Southern District of Florida and elsewhere, the defendant ALFONSO C. SEPE, together with persons known and unknown to the grand jury, committed the following acts, any one of which alone constitutes Racketeering Act No. 5:

(a)  Conspiracy to commit extortion, in violation of Title 18, United States Code, Section 1951, as alleged in Count VIII of this indictment, which is incorporated by reference as if set forth in full herein;

(b)  Attempt to commit extortion, in violation of Title 18, United States Code, Sections 1951 and 2, as alleged in Count IX of this indictment, which is incorporated by reference as if set forth in full herein;

(c)  Unlawful Compensation or Reward for Official Behavior in that he unlawfully, feloniously and corruptly did request, solicit, and agree to accept for himself and others, from Raymond J. Takiff, through co-conspirator Roy T. Gelber, a pecuniary benefit not authorized by law, that is, cash money, for the past, present and future exertion of influence upon and with other public servants, that is, judges of the Circuit Court, regarding acts and omissions which defendant ALFONSO C. SEPE, a public servant, did represent as having been within the official

28

discretion of said judges, in violation of a public duty, and in the performance of a public duty, that is, the corrupt manipulation of the case of "State of Florida v. Humberto Perdonio," a case which was pending in the Circuit Court, in violation of Section 838.016 (2) Florida Statutes.

> **F.   ACT OF RACKETEERING INVOLVING RECEIPT OF $150,000 PAYMENT TO INFLUENCE THE "BONI CARRILLO CASE"**

> **Racketeering Act No. 6**
> **Defendants:   HARVEY N. SHENBERG**
> **ALFONSO C. SEPE**
> **DAVID GOODHART**

From in or about December 1990 and continuing through in or about May 1991, the exact dates being unknown to the grand jury, in Dade County, in the Southern District of Florida and elsewhere, the defendants HARVEY N. SHENBERG, ALFONSO C. SEPE and DAVID GOODHART, together with persons known and unknown to the grand jury, committed the following acts, any one of which alone constitutes Racketeering Act No. 6:

(a) Attempted extortion, in violation of Title 18, United States Code, Sections 1951 and 2, as alleged in Count X of this indictment, which is incorporated by reference as if set forth in full herein;

(b) Bribery, in that the defendants ALFONSO C. SEPE, DAVID GOODHART, and defendant HARVEY N. SHENBERG, who was aiding and abetting the defendants ALFONSO C. SEPE and DAVID GOODHART, and co-conspirator Roy T. Gelber, unlawfully, feloniously and corruptly did request, solicit, accept and agree to accept for themselves and others, from Raymond J. Takiff, a pecuniary

29

benefit, that is, $150,000 cash, with the intent and purpose to influence the performance of an act and omission by defendant ALFONSO C. SEPE, in his capacity as a judge of the Circuit Court, which defendants ALFONSO C. SEPE and DAVID GOODHART, acting in concert with defendant HARVEY N. SHENBERG and co-conspirator Roy T. Gelber, did represent as being within the official discretion of defendant ALFONSO C. SEPE as a public servant, that is, as a judge of the Circuit Court, in violation of a public duty and in the performance of a public duty, that is, the granting of rulings favorable to the interests of Takiff's purported client in the case of "State of Florida v. Boni Carrillo," over which defendant ALFONSO C. SEPE presided as a Circuit Court judge, in violation of Section 838.015 Florida Statutes;

(c) Unlawful Compensation or Reward for Official Behavior, in that the defendants ALFONSO C. SEPE, DAVID GOODHART and defendant HARVEY N. SHENBERG, who was aiding and abetting the defendants ALFONSO C. SEPE AND DAVID GOODHART and co-conspirator Roy T. Gelber, unlawfully, feloniously and corruptly did request, solicit and accept and agree to accept for themselves and others, from Raymond J. Takiff, a pecuniary benefit not authorized by law, that is, $150,000 cash for the past, present and future performance and non-performance of an act and omission, which the defendants ALFONSO C. SEPE and DAVID GOODHART, acting in concert with defendant HARVEY N. SHENBERG and co-conspirator Roy T. Gelber, did represent to be within the official discretion of defendant ALFONSO C. SEPE as a public servant, that is, as a judge

30

of the Circuit Court, in violation of a public duty, and in the performance of a public duty, that is, the granting of rulings favorable to the interests of Takiff's purported client in the case of "State of Florida v. Boni Carrillo," over which defendant ALFONSO C. SEPE presided as a Circuit Court judge, in violation of Section 838.016 (1) Florida Statutes.

> **G.    ACT OF RACKETEERING INVOLVING THE ATTEMPTED RECEIPT OF $150,000 PAYMENT TO INFLUENCE THE "HECTOR PENNA CASE"**
>
> **Racketeering Act No. 7**
> **Defendants: ALFONSO C. SEPE**
> **DAVID GOODHART**

From in or about December 1990, and continuing through in or about August 1991, the exact dates being unknown to the grand jury, in Miami, Dade County, in the Southern District of Florida, and elsewhere, the defendants ALFONSO C. SEPE and DAVID GOODHART, together with persons known and unknown to the grand jury, committed the following acts, any one of which alone constitutes Racketeering Act No. 7:

(a) Conspiracy to commit extortion, in violation of Title 18, United States Code, Section 1951, as alleged in Count XI of this indictment, which is incorporated by reference as if set forth in full herein;

(b) Attempt to commit extortion, in violation of Title 18, United States Code, Sections 1951 and 2, as alleged in Count XII of this indictment, which is incorporated by reference as if set forth in full herein;

31

(c) Bribery, in that the defendants ALFONSO C. SEPE and DAVID GOODHART unlawfully, feloniously and corruptly did request, solicit, and agree to accept for themselves and others, from Raymond J. Takiff, a pecuniary benefit, that is, $150,000 cash, with the intent and purpose to influence the performance of an act and omission by defendant ALFONSO C. SEPE, in his capacity as a judge of the Circuit Court, which defendants ALFONSO C. SEPE and DAVID GOODHART did represent as being within the official discretion of defendant ALFONSO C. SEPE as a public servant, that is, as a judge of the Circuit Court, in violation of a public duty and in the performance of a public duty, that is, the granting of rulings favorable to the interests of Takiff's purported client in the case of "State of Florida v. Hector Penna," over which defendant ALFONSO C. SEPE presided as a Circuit Court judge, in violation of Section 838.015 Florida Statutes;

(d) Unlawful Compensation or Reward for Official Behavior, in that the defendants ALFONSO C. SEPE and DAVID GOODHART unlawfully, feloniously and corruptly did request, solicit and agree to accept for themselves and others, from Raymond J. Takiff, a pecuniary benefit not authorized by law, that is, $150,000 cash for the past, present and future performance and non-performance of an act and omission, which the defendants ALFONSO C. SEPE and DAVID GOODHART did represent to be within the official discretion of defendant ALFONSO C. SEPE as a public servant, that is, as a judge of the Circuit Court, in violation of a public duty, and in the performance of a public duty, that is,

32

the granting of rulings favorable to the interests of Takiff's purported client in the case of "State of Florida v. Hector Penna," over which defendant ALFONSO C. SEPE presided as a Circuit Court judge, in violation of Section 838.016 (1) Florida Statutes.

### H.   ACT OF RACKETEERING INVOLVING RECEIPT OF $20,000 PAYMENT TO INFLUENCE THE "FRANCISCO GADEA CASE"

#### Racketeering Act No. 8
#### Defendant:   PHILLIP S. DAVIS

In or about April 1991, the exact dates being unknown to the grand jury, in Miami, Dade County, in the Southern District of Florida, and elsewhere, the defendant PHILLIP S. DAVIS, together with persons known and unknown to the grand jury, committed the following acts, any one of which alone constitutes Racketeering Act No 8:

(a) Attempted extortion, in violation of Title 18, United States Code, Section 1951, as alleged in Count XIII of this indictment, which is incorporated by reference as if set forth in full herein;

(b) Bribery, in that he unlawfully, feloniously and corruptly did request, solicit, accept and agree to accept for himself and others, from Raymond J. Takiff, a pecuniary benefit, that is, $20,000 cash, with the intent and purpose to influence the performance of an act and omission by defendant PHILLIP S. DAVIS, in his capacity as a judge of the Circuit Court, which defendant PHILLIP S. DAVIS did represent as being within his official discretion as a public servant, that is, as a judge of

33

the Circuit Court, in violation of a public duty and in the performance of a public duty, that is, the granting of rulings favorable to the interests of Takiff's purported client in the case of "State of Florida v. Francisco Gadea," over which defendant PHILLIP S. DAVIS presided as a Circuit Court judge, in violation of Section 838.015 Florida Statutes;

(c) Unlawful Compensation or Reward for Official Behavior, in that he unlawfully, feloniously and corruptly did request, solicit, accept and agree to accept for himself and others, from Raymond J. Takiff, a pecuniary benefit not authorized by law, that is, $20,000 cash for the past, present and future performance and non-performance of an act and omission, which the defendant PHILLIP S. DAVIS did represent to be within his official discretion as a public servant, that is, as judge of the Circuit Court, in violation of a public duty, and in the performance of a public duty, that is, the granting of rulings favorable to the interests of Takiff's purported client in the case of "State of Florida v. Francisco Gadea," over which defendant PHILLIP S. DAVIS presided as a Circuit Court judge, in violation of Section 838.016(1) Florida Statutes.

I. **ACT OF RACKETEERING INVOLVING ATTEMPTED RECEIPT OF $75,000 PAYMENT TO INFLUENCE THE "KEVIN MICHAEL KANE CASE"**

## Racketeering Act No. 9
### Defendant: DAVID GOODHART

In or about May 1991, the exact dates being unknown to the grand jury, in Miami, Dade County, in the Southern District of

34

Florida, and elsewhere, the defendant DAVID GOODHART, together with persons known and unknown to the grand jury, committed the following acts, any one of which alone constitutes Racketeering Act No 9:

(a) Attempted extortion, in violation of Title 18, United States Code, Sections 1951 and 2, as alleged in Count XIV of this indictment, which is incorporated by reference as if set forth in full herein;

(b) Bribery, in that he unlawfully, feloniously and corruptly did offer and promise a public servant, that is, a certain judge of the Circuit Court, a pecuniary benefit, that is, $50,000 cash, with the intent and purpose to influence the performance of an act and omission by said Circuit Court judge, in that person's capacity as a public servant, which defendant DAVID GOODHART did believe to be within the official discretion of said Circuit Court judge, as a public servant, in violation of a public duty and in the performance of a public duty, that is, the granting of rulings favorable to the interests of Raymond J. Takiff's purported client in the case of "State of Florida v. Kevin Michael Kane", over which said judge presided in the Circuit Court, in violation of Section 838.015 Florida Statutes;

(c) Unlawful Compensation or Reward for Official Behavior, in that he unlawfully, feloniously and corruptly did offer and promise a public servant, that is, a certain judge of the Circuit Court, a pecuniary benefit not authorized by law, that is, $50,000 cash for the past, present and future performance and

35

non-performance of an act and omission by the said Circuit Court judge, in that person's capacity as a public servant, which the defendant DAVID GOODHART did believe to be within the official discretion of said Circuit Court judge, as a public servant, in violation of a public duty, and in the performance of a public duty, that is, the granting of rulings favorable to the interests of Raymond J. Takiff's purported client in the case of "State of Florida v. Kevin Michael Kane", over which said judge presided in the Circuit Court, in violation of Section 838.016 (1) Florida Statutes.

All in violation of Title 18, United States Code, Sections 1962(c), 1963(a) and 2.

## COUNT III

1.    Paragraphs one through and including nine of the "General Allegations" of this Indictment are hereby incorporated by reference as if set forth in full herein.

2.    From in or about August 1989, and continuing through in or about April 1990, the exact dates being unknown to the grand jury, in Miami, Dade County, in the Southern District of Florida, and elsewhere, the defendant,

### HARVEY N. SHENBERG,

did unlawfully, knowingly and willfully attempt to obstruct, delay and affect commerce, by extortion, as those terms are defined in Title 18, United States Code, Sections 1951(b)(2) and (3), in that the defendant HARVEY N. SHENBERG, did obtain property, that is, money, in the approximate amount of $11,000, for himself and co-

36

conspirator Roy T. Gelber, a public official, that is, a judge of the Circuit Court, from Raymond J. Takiff, with his consent, such consent having been induced under color of official right.

All in violation of Title 18, United States Code, Sections 1951 and 2.

## COUNT IV

1. Paragraphs one through and including nine of the "General Allegations" of this Indictment are hereby incorporated by reference as if set forth in full herein.

2. From in or about March 1990, and continuing through in or about May 1990, the exact dates being unknown to the grand jury, in Miami, Dade County, in the Southern District of Florida, and elsewhere, the defendant,

### HARVEY N. SHENBERG,

did unlawfully, knowingly and willfully attempt to obstruct, delay and affect commerce, by extortion, as those terms are defined in Title 18, United States Code, Sections 1951(b)(2) and (3), in that the defendant HARVEY N. SHENBERG, being a public official, that is, a judge of the County Court, did obtain property, that is, money, in the approximate amount of $70,000, for himself and co-conspirator Roy T. Gelber, another public official, that is, a judge of the Circuit Court, from Raymond J. Takiff, with his consent, such consent having been induced under color of official right.

All in violation of Title 18, United States Code, Sections 1951 and 2.

37

## COUNT V

1.    Paragraphs one through and including nine of the "General Allegations" of this Indictment are hereby incorporated by reference as if set forth in full herein.

2.    From in or about April 24, 1990, and continuing through in or about July 1990, the exact dates being unknown to the grand jury, in Miami, Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**HARVEY N. SHENBERG,**

did unlawfully, knowingly and willfully combine, conspire, confederate and agree, and reach a tacit understanding, with persons known and unknown to the grand jury, to obstruct, delay and affect commerce, by extortion, as those terms are defined in Title 18, United States Code, Sections 1951(b)(2) and (3).

3.    It was a further purpose and object of said conspiracy for defendant HARVEY N. SHENBERG to obtain property, that is, cash money, from Raymond J. Takiff, with his consent, such consent having been induced under color of official right.

All in violation of Title 18, United States Code, Section 1951.

## COUNT VI

1.    Paragraphs one through and including nine of the "General Allegations" of this Indictment are hereby incorporated by reference as if set forth in full herein.

2.    From in or about July 1990, and continuing to in or about November 1990, the exact dates being unknown to the grand

38

jury, in Miami, Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**PHILLIP S. DAVIS,**

did unlawfully, knowingly and willfully combine, conspire, confederate and agree, and reach a tacit understanding, with persons known and unknown to the grand jury, to obstruct, delay and affect commerce, by extortion, as those terms are defined in Title 18, United States Code, Sections 1951(b)(2) and (3).

3.    It was a further purpose and object of said conspiracy for defendant PHILLIP S. DAVIS to obtain property, that is, money, in the approximate amount of $10,000, from Raymond J. Takiff, with his consent, such consent having been induced under color of official right.

All in violation of Title 18, United States Code, Section 1951.

## COUNT VII

1.    Paragraphs one through and including nine of the "General Allegations" of this Indictment are hereby incorporated by reference as if set forth in full herein.

2.    From in or about July 1990 and continuing through November 1990, the exact dates being unknown to the grand jury, in Miami, Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**PHILLIP S. DAVIS,**

did unlawfully, knowingly and willfully attempt to obstruct, delay and affect commerce, by extortion, as those terms are defined in

39

Title 18, United States Code, Sections 1951(b)(2) and (3), in that the defendant PHILLIP S. DAVIS, being a public official, that is, a judge of the Circuit Court, did obtain property, that is, money, in the approximate amount of $10,000, from Raymond J. Takiff, with his consent, such consent having been induced under color of official right.

All in violation of Title 18, United States Code, Sections 1951 and 2.

## COUNT VIII

1. Paragraphs one through and including nine of the "General Allegations" of this Indictment are hereby incorporated by reference as if set forth in full herein.

2. In or about October 1990, the exact dates being unknown to the grand jury, in Miami, Dade County, in the Southern District of Florida, and elsewhere, the defendant,

### ALFONSO C. SEPE,

did unlawfully, knowingly and willfully combine, conspire, confederate and agree, and reach a tacit understanding, with persons known and unknown to the grand jury, to obstruct, delay and affect commerce, by extortion, as those terms are defined in Title 18, United States Code, Sections 1951(b)(2) and (3).

3. It was a further purpose and object of said conspiracy for defendant ALFONSO C. SEPE to obtain property, that is, money, from Raymond J. Takiff, through co-conspirator Roy T. Gelber, with the consent of Raymond J. Takiff, such consent having been induced under color of official right.

40

All in violation of Title 18, United States Code, Section 1951.

## COUNT IX

1. Paragraphs one through and including nine of the "General Allegations" of this Indictment are hereby incorporated by reference as if set forth in full herein.

2. In or about October 1990, the exact dates being unknown to the grand jury, in Miami, Dade County, in the Southern District of Florida, and elsewhere, the defendant,

### ALFONSO C. SEPE,

did unlawfully, knowingly and willfully attempt to obstruct, delay and affect commerce, by extortion, as those terms are defined in Title 18, United States Code, Section 1951(b)(2) and (3), in that the defendant ALFONSO C. SEPE, being a public official, that is, a judge of the Circuit Court, did attempt to obtain property, that is, money, from Raymond J. Takiff, through co-conspirator Roy T. Gelber, with the consent of Raymond J. Takiff, such consent having been induced under color of official right.

All in violation of Title 18, United States Code, Sections 1951 and 2.

## COUNT X

1. Paragraphs one through and including nine of the "General Allegations" of this Indictment are hereby incorporated by reference as if set forth in full herein.

2. From in or about December 1990, and continuing through in or about May 1991, the exact dates being unknown to the grand

41

jury, in Miami, Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**ALFONSO C. SEPE,**
**HARVEY N. SHENBERG and**
**DAVID GOODHART,**

did unlawfully, knowingly and willfully attempt to obstruct, delay and affect commerce, by extortion, as those terms are defined in Title 18, United States Code, Section 1951(b)(2) and (3), in that the defendant ALFONSO C. SEPE, being a public official, that is, a judge of the Circuit Court, and the defendants HARVEY N. SHENBERG and DAVID GOODHART, did obtain property, that is, money, in the approximate amount of $150,000, from Raymond J. Takiff, with his consent, such consent having been induced under color of official right.

All in violation of Title 18, United States Code, Sections 1951 and 2.

## COUNT XI

1.    Paragraphs one through and including nine of the "General Allegations" of this Indictment are hereby incorporated by reference as if set forth in full herein.

2.    From in or about December 1990, and continuing through in or about August 1991, the exact dates being unknown to the grand jury, in Miami, Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**ALFONSO C. SEPE**
**and**
**DAVID GOODHART,**

42

did unlawfully, knowingly and willfully combine, conspire, confederate and agree, and reach a tacit understanding, with each other, and with other persons known and unknown to the grand jury, to obstruct, delay and affect commerce, by extortion, as those terms are defined in Title 18, United States Code, Sections 1951 (b)(2) and (3).

3. It was a further purpose and object of said conspiracy for defendants ALFONSO C. SEPE and DAVID GOODHART to unlawfully obtain property, that is, money, in the approximate amount of $150,000, from Raymond J. Takiff, with his consent, such consent having been induced under color of official right.

All in violation of Title 18, United States Code, Section 1951.

## COUNT XII

1. Paragraphs one through and including nine of the "General Allegations" of this Indictment are hereby incorporated by reference as if set forth in full herein.

2. From in or about December 1990, and continuing through in or about August 1991, the exact dates being unknown to the grand jury, in Miami, Dade County, in the Southern District of Florida, and elsewhere, the defendants,

### ALFONSO C. SEPE
### and
### DAVID GOODHART,

did unlawfully, knowingly and willfully attempt to obstruct, delay and affect commerce, by extortion, as those terms are defined in Title 18, United States Code, Section 1951(b)(2) and (3), in that

43

the defendant ALFONSO C. SEPE, being a public official, that is, a judge of the Circuit Court, and the defendant DAVID GOODHART, did attempt to obtain property, that is, money, in the approximate amount of $150,000, from Raymond J. Takiff, with the consent of Raymond J. Takiff having been induced under color of official right.

All in violation of Title 18, United States Code, Sections 1951 and 2.

## COUNT XIII

1. Paragraphs one through and including nine of the "General Allegations" of this Indictment are hereby incorporated by reference as if set forth in full herein.

2. In or about April 1991, the exact dates being unknown to the grand jury, in Miami, Dade County, in the Southern District of Florida, and elsewhere, the defendant,

### PHILLIP S. DAVIS,

did unlawfully, knowingly and willfully attempt to obstruct, delay and affect commerce, by extortion, as those terms are defined in Title 18, United States Code, Section 1951(b)(2) and (3), in that the defendant PHILLIP S. DAVIS, being a public official, that is, a judge of the Circuit Court, did obtain property, that is, money, in the approximate amount of $20,000, from Raymond J. Takiff, with his consent, such consent having been induced under color of official right.

All in violation of Title 18, United States Code, Section 1951.

44

## COUNT XIV

1. Paragraphs one through and including nine of the "General Allegations" of this Indictment are hereby incorporated by reference as if set forth in full herein.

2. In or about May 1991, the exact dates being unknown to the grand jury, in Miami, Dade County, in the Southern District of Florida, and elsewhere, the defendant,

### DAVID GOODHART,

did unlawfully, knowingly and willfully attempt to obstruct, delay and affect commerce, by extortion, as those terms are defined in Title 18, United States Code, Section 1951(b)(2) and (3), in that the defendant DAVID GOODHART, did attempt to obtain property, that is, money, in the approximate amount of $75,000, for himself and another person, said other person being a public official, that is, a judge of the Circuit Court, from Raymond J. Takiff, with his consent, such consent having been induced under color of official right.

All in violation of Title 18, United States Code, Sections 1951 and 2.

### FORFEITURE AS TO DEFENDANTS HARVEY N. SHENBERG,

### ALFONSO C. SEPE, PHILLIP S. DAVIS AND DAVID GOODHART

1.    The defendants, HARVEY N. SHENBERG, ALFONSO C. SEPE, PHILLIP S. DAVIS and DAVID GOODHART, conducted and participated, directly and indirectly, in the conduct of the affairs of an enterprise through a pattern of racketeering activity, and conspired to do so, in violation of Title 18, United States Code, Sections 1962(c) and (d), as alleged in Counts I and II of the indictment, which are incorporated herein by reference.

2.    The defendants, HARVEY N. SHENBERG, ALFONSO C. SEPE, PHILLIP S. DAVIS and DAVID GOODHART, acquired and maintained interests in violation of Title 18, United States Code, Sections 1962(c) and (d), and obtained property which constituted, and was derived from, proceeds which the said defendants obtained, directly and indirectly, from racketeering activities, that is, government funds received from Raymond J. Takiff for the corrupt manipulation of cases and release of official information, in violation of Title 18, United States Code, Section 1962, thereby making said property, and the entire interest of the defendants in said property, that is, approximately $266,000, all forfeitable to the United States pursuant to Title 18, United States Code, Sections 1963(a)(1) and (3).

3.    Property interests acquired and maintained by the defendants, HARVEY N. SHENBERG, ALFONSO C. SEPE, PHILLIP S. DAVIS and DAVID GOODHART, in violation of Title 18, United States Code, Section 1962, and constituting, and derived from, proceeds,

46

directly and indirectly, from said defendants' racketeering activities, as referred to hereinabove, and which are thereby forfeitable, are: cash in the amount of $266,000.

A TRUE BILL

FOREPERSON

DEXTER W. LEHTINEN
UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: **91-0708**

**CR-GONZALEZ**

UNITED STATES OF AMERICA,          )
                                                        )
v.                                                      )
                                                        )     ESTIMATED TRIAL TIME
HARVEY N. SHENBERG,                   )
ALFONSO C. SEPE,                          )     MAGISTRATE JUDGE
PHILLIP S. DAVIS AND                    )              SNOW
DAVID GOODHART             CERTIFICATE OF TRIAL ATTORNEY

I do hereby certify:

1.   I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the indictment/information.

2.   I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28, U.S.C., Section 3161.

3.   This cause will take _50_ days for the parties to try.

4.   (Check the appropriate category)

        _____        I        0 to 5 days

        _____        II       6 to 10 days

        _____        III      11 to 20 days

        ___✓___        IV       21 to 60 days

        _____        V        61 days and over

5.   Has this case been previously filed in this Court?
     If yes, Judge _No; however a related case is United States v. Roy T. Gelber_

     Case Number: _91-0600-Cr-KING_____

A copy of the dispositive order must be attached hereto.

6.   Was this matter pending in the Office of the United States Attorney as of August 16, 1985?

        ___YES___                              ___NO✓___

                                        JOHN J. O'SULLIVAN
                                        Assistant United States Attorney